PER CURIAM.
By petition for a writ of certiorari we have for review an order of the Florida Real Estate Commission bearing date of April 20, 1967, and the order entered May 26, 1967, denying petitioner’s petition for rehearing.
Petitioner is a real estate broker charged with violating Florida Statutes, Chapter 475, F.S.A. Following a hearing the Real Estate Commission found petitioner guilty of obtaining funds by making, uttering and delivering worthless checks in the amount of $40.00. At the time of the making, uttering and delivering of the checks no such account was maintained in the bank upon which the checks were drawn. This fact was known to the petitioner at the time he wrote the checks, in violation of subsection 475.25(1) (e), Florida Statutes, F.S.A. ■
The Commission suspended petitioner’s license for a period of thirty days and petitioner asks this court by way of cer-tiorari to review the suspension and order. Petitioner alleges a lack of substantial competent evidence to support the order and charges that respondent Commission acted in excess of its jurisdiction by holding that defendant had committed a crime when said crime was unrelated to any real estate transaction.
In petitioner’s answer to the information there was no denial of the allegations regarding the charges which are here for review. Also, no attempt was made by petitioner’s attorney to amend the answer either *200 before or during the hearing, and the Commission did not introduce into evidence the checks cashed on July 27, 1963. Furthermore, petitioner cashed the checks at Mr. Mashburn’s restaurant and Mr. Mash-burn was not called as a witness.
At the hearing petitioner testified that he frequently cashed checks at Mashburn’s Restaurant and was in Mashburn’s Restaurant on the particular date in question and remembered cashing checks. However, he did not testify in detail as to these two particular checks.
It is well settled that in the ab-sense of denial of allegations the same shall be deemed to be admitted and taken as true. Hime v. Florida Real Estate Commission, Fla.1952, 61 So.2d 182. Hunter v. Florida Board of Pharmacy, Fla.App. 1964, 162 So. 2d 524. Therefore, since petitioner did not deny the charge made by respondent Commission and no attempt was made to deny the allegations, they are admitted as true. Respondent Commission could properly rely upon this fact without offering affirmative proof at the hearing.
We do not believe the Commission exceeded its jurisdiction simply because these checks were not issued as a result of a real estate transaction. The law specifically requires that a person in order to hold a real estate license must make it appear that he is honest, truthful, trustworthy, of good character, and that he bears a good reputation for fair dealing. To issue worthless checks is the antithesis of good reputation and fair dealings and this misconduct need not be done during the negotiation and/or sale of real estate in order to be punishable. We think it would be ludicrous to construe the statutes to mean that a broker to be answerable to the Real Estate Commission must commit the unlawful acts when engaged in real estate negotiations but should he commit the same unlawful acts when not engaged in real estate negotiations he would still be of good character and beyond the Commission’s jurisdiction.
We believe the respondent Commission acted well within its jurisdiction and the points raised by petitioner are without merit.
The petition for writ of certiorari is therefore denied.
LILES, C. J., and ALLEN and PIERCE, JJ-, concur.