WALDEN, Judge
(dissenting):
It is my opinion that the Florida Real Estate Commission has the power and the jurisdiction to punish for the infractions of the Florida Real Estate Law without regard as to where the acts constituting the infractions occurred.
The business of a registrant or practitioner under the Real Estate License Law, because of its relationship to public welfare, is a proper subject of police regulation. The use of a real estate license is a privilege, and subject to the rules and regulations of that Code. See State ex rel. Davis v. Rose, 1929, 97 Fla. 710, 122 So. 225, wherein the predecessor statute was discussed.
We know that the jurisdiction of the Commission is not limited to a registrant’s misconduct in only real estate transactions. For instance, the Commission’s jurisdiction was upheld where the charge involved worthless checks. In McKnight v. Florida Real Estate Commission, Fla.App.1967, 202 So.2d 199, the Court said,
“We do not believe the Commission exceeded its jurisdiction simply because these checks were not issued as a result of a real estate transaction. The law specifically requires that a person in order to hold a real estate license must make it appear that he is honest, truthful, trustworthy, of good character, and that he bears a good reputation for fair dealing. To issue worthless checks is the antithesis of good reputation and fair dealings and this misconduct need not be done during the negotiation and/or sale of real estate in order to be punishable. We think it would be ludicrous to construe the statutes to mean that a broker to be answerable to the Real Estate Commission must commit the unlawful acts when engaged in real estate negotiations but should he commit the same unlawful acts when not engaged in real estate negotiations he would still be of good character and beyond the Commission’s jurisdiction.” (Italics supplied.)
I think the analogy of the McKnight case would be equally applicable in the instant case. In other words, it is just as much an offense to commit the prohibited act outside Florida as it is to commit a wrong act outside the confines of a real estate transaction.
Florida Statute 475.25, entitled Grounds for Revocation or Suspension, provides a host of acts, both broad and specific, which would entitle the Commission to revoke or suspend a registration.[1] While it is true *244 that in Section (e) one of the grounds for Commission action would be the adjudication outside this state of a crime involving moral turpitude or fraudulent or dishonest dealing, it is noted that this constitutes only one of the very many grounds. Many, if not most, of the acts mentioned either would not constitute a crime or would be of the nature where the likelihood of prosecution or conviction would be exceedingly remote. Except for mention of the foreign conviction of a crime, there is no other geographic limitation, criteria or outer boundary beyond which wrong is permissible.
To say that a registrant can escape the penalties of the Real Estate License Law and flaunt every precept of honesty, truthfulness and fair dealing by the simple device of committing the acts outside this state’s boundaries takes too narrow a view of the legislative intendment and the purposes sought to be accomplished in the Real Estate License Law.
I would uphold the Florida Real Estate Commission in its effort to police its ranks and believe that this result accords with a fair reading of the Real Estate License Law.
I would deny certiorari.

. Section 475.25 Grounds for revocation or suspension—
“(1) The registration of a registrant may be suspended for a period not ex- *243 eeeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public; or,
“ (b) Been guilty of false advertising in, on or by, signs, billboards, newspapers, magazines, periodicals, books, pamphlets, circulars, radio, telephone, telegraph, or other means of communication of publicity, of such character as to deceive or defraud investors, or prospective investors, in real property or interests therein, as more particularly described in subsection (2) of § 475.01, whether such property is owned, or purported to be owned by the registrant or by another; or,
“ (c) Failed to account or deliver to any person any personal property such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document, or thing of value, or any secret or illegal profit, on any divisible share or portion thereof, which has come into his hands and which is not his property, or which he is not in law or equity entitled to retain, under the circumstances, and at the time which has been agreed upon, or is required by law, or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery; provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property, or as to what person is entitled to the accounting and delivery, or if conflicting demands therefore shall have been made upon him, and he has not appropriated the property to his own use, or intermingled it with his own property of like kind, he may notify the commission promptly, truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit the issue to arbitration by agreement of all parties, or in-terplead the parties, or otherwise seek an. adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court, or arbitrators, no information against him shall be permitted to be maintained; or,
“(d) Violated any of the provisions of this chapter, or any lawful order, rule or regulation made or issued under the provisions of this chapter; or,
“ (e) Been guilty of a crime against the laws of this state or any other state or of the United States, involving moral turpitude, or fraudulent or dishonest dealing; and the record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the state, shall be admissible as prima facie evidence of such guilt; or,
“(f) Shared a commission with, or paid a fee or other compensation to a person not properly registered as a real estate broker or salesman under the laws of this state, for the referral of real estate business, clients, prospects, or customers, or for any one or more of the services set forth in § 475.01(2). For the purpose of this section it shall be deemed immaterial that the person to whom such payment or compensation is made shall have made said referral, or performed said service, from within this state, or elsewhere; provided, however, a registered real estate broker of this state may pay a referral fee or share a real estate brokerage commission with a real estate broker duly licensed, or registered, under the laws of a foreign state so long as said foreign broker does not violate any law of this state.
“(g) Become temporarily incapacitated from acting as a broker or salesman with safety to investors or those in a fiduciary relation with him because of drunkenness, use of drugs, or temporary mental derangement, except that the suspension in such cases shall be for the period of such incapacity; or,
“(h) Rendered an opinion that the title to any property sold is good or merchantable, except when correctly based upon a current opinion of a licensed attorney at law, or failed to advise a prospective purchaser to consult his attor *244 ney on the merchantability of the title or to obtain title insurance.
•‘(i) Failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check or draft, entrusted to him by any person dealing with him as a broker, in escrow with a title company or banking institution located and doing business in Florida, or, deposit said funds in a trust or escrow bank account maintained by him with some bank located and doing business in Florida, wherein said funds shall be kept until disbursement thereof is properly authorized, or, if a salesman, failed to immediately place with his registered employer any money, fund, deposit, check or draft, entrusted to him by any person dealing with him as agent of his registered employer. The commission shall establish rules and regulations to provide for records to be maintained by the broker and the manner in which such deposits shall be made.
“(2) The registration of a registrant shall be revoked, if such registration, or a certificate issued thereon, is found to have been obtained by the registrant by means of fraud, misrepresentation or concealment, or if the registrant has become a nonresident of the state, or is confined in any state or federal prison, or insane asylum, or through mental disease or deterioration, the registrant can no longer safely be entrusted to deal with the public or in a confidential capacity; and a registration or a certificate may be revoked or cancelled, without prejudice to filing a proper application, or request for certificate, if the same shall have been granted or issued through the mistake or inadvertence of the commission.
“(3) The registration of a registrant may be revoked if the registrant shall, for a second time, be found guilty of any misconduct that warrants his suspension under subsection (1) of this section, or if he shall be found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation, may not safely be entrusted to him.