■ In the Matter of the Claim of SANDRA J. ASSELIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which modified and affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because of claimant's misconduct. Claimant, a nurse's aide employed by a nursing home, was absent from work from February 25, 1974 until March 1, 1974. She notified her employer every day during that time that her absence was due to illness. She was, however, due to return to work at 7:00 A.M. on March 4, 1974, but did not call her employer until 8:40 A.M. of that day to state that she would not report to work. Claimant was thereupon terminated. Claimant contends that her doctor advised her not to report to work until March 5, 1974 but she did not notify her employer of the doctor's advice. Claimant admitted receiving a pamphlet from her employer which recited the rule that employees were required to call in prior to a tour of duty if they were to be absent and which contained an admonition that failure to comply could result in their discharge. Although it is the view of this court that an isolated instance of an employee calling in late because she had overslept would not rise to the level of misconduct warranting her discharge, claimant had been given earlier warnings in regard to her prior poor attendance record and failure to contact her employer when she was aware of the rules and the consequences for ignoring such rules. There is substantial evidence in the record to support the board's determination that the claimant was ineligible for benefits (*Matter of James [Levine]*, 34 NY2d 491; *Matter of Lester [Catherwood]*, 30 AD2d 1025; Labor Law, § 623). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.