■ In the Matter of the Claim of DEBRA MALLIET, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1975, which affirmed the decision of a referee sustaining an initial determination of the

Industrial Commissioner disqualifying claimant from receiving benefits effective January 31, 1975 on the ground that she lost her employment through misconduct. Claimant, a stock brokerage clerk, was discharged for excessive lateness in reporting to work. The record shows 26 latenesses from January, 1974 to September, 1974 and 13 latenesses from September, 1974, when she was warned that any more tardiness would result in dismissal, to January, 1975. Claimant received a final warning on January 8, 1975 but was again late on January 29, 1975. At her hearing claimant did not dispute the correctness of the sum of her latenesses. There is precedent that excessive lateness after warning constitutes misconduct (*Matter of Asselin [Levine]*, 50 AD2d 999; *Matter of Rivera [Levine]*, 47 AD2d 569). The evidence in this case is more than substantial, it is overwhelming. Claimant's contention that the result is based on hearsay evidence is rejected. The claimant herself admitted under oath that she had been repeatedly late and, further, hearsay evidence is admissible in hearings before the Unemployment Insurance Appeal Board (Labor Law, § 622, subd 2). Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.