STETTIN, HERBERT, Associate Judge.
This is a Petition for Certiorari to the Florida Real Estate Commission (hereinafter called the Commission) to review an *350 adjudication that Barry P. Rifkin, Sandra Mae Rifkin, and Flag Realty, Inc., violated the provisions of Section 475.25(l)(e), Florida Statutes,[1] in that they were guilty under the laws of this state of the crime of fraudulent or dishonest dealing.
The facts were determined by an administrative hearing officer and are without material dispute. Bobby Glenn Johnson, who is not a party to this proceeding, placed advertising in the yellow pages of a telephone directory on behalf of Flag Realty, Inc., with the consent of its principals, Mr. and Mrs. Rifkin. It stated: “Free Appraisals by Licensed Real Estate Appraiser.” The Commission charged this advertising was misleading within the meaning of Florida Statutes 817.41 and 817.45, because no one connected with Flag Realty, Inc. was a licensed real estate appraiser. Florida law does not require separate licensing of an appraiser; appraisals may be made by a licensed real estate broker or salesman; Section 475.01(2), Florida Statutes.
The Commission also charged Barry Rif-kin was guilty of false or misleading advertising in his partnership with one Arnold Savader, doing business as Broward Investments, by permitting Savader to advertise as follows:
“Immediate cash for your home! No brokers involved (No Commission) No Closing Costs. Quick Closings. Call me for a free estimate!”
Although Savader’s name and phone number were the only ones used in the operation of the business, Barry Rifkin is a licensed real estate broker. The Commission ruled the advertising was, therefore, false or misleading.
It is undisputed no criminal proceedings were ever initiated against the petitioners for violations of Sections 817.41 and 817.45, Florida Statutes. The Commission takes the position they have the authority under Section 475.25(l)(e), Florida Statutes, to determine whether registrants are “guilty of a crime against the laws of this state or any other state of the United States, involving moral turpitude, or fraudulent or dishonest dealing . . .”, regardless of whether or not an actual criminal proceeding has been filed. No other occupational licensing statute in Florida contains a grant of such authority. Many contain wording to the effect that conviction of a crime will constitute a basis for suspension or revocation of a license to practice a state regulated activity.[2]
*351 Petitioners argue the statute in question must be read to require prior conviction, or at the least, adjudication of guilt by a court of criminal jurisdiction before they may be punished under Section 475.25(l)(e), Florida Statutes.
The issue appears never to have been squarely ruled upon in prior decisions, although there are cases where the Commission’s authority under the statute in question has been involved. In Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla.2d DCA 1966), a proceeding was brought by the Commission both under Section 475.25(l)(a), Florida Statutes, to determine Reid’s guilt of dishonest dealing; and under Section 475.25(l)(e), Florida Statutes, to determine Reid’s guilt of a crime involving moral turpitude. She was informed against by the Commission for shoplifting. She blamed the incident on problems arising from physical and emotional stress but was found guilty. The District Court of Appeal reversed the Commission’s finding on the ground the evidence did not establish the criminal intent necessary for the existence of the crime of petty larceny. There was no discussion by the Court of whether or not an adjudication of guilt by a court of competent jurisdiction was a necessary prerequisite to a finding by the Commission that Section 475.25(l)(e), Florida Statutes, had been violated.
In McKnight v. Florida Real Estate Commission, 202 So.2d 199 (Fla.2d DCA 1967), certiorari was denied from an order of the Commission finding a violation of Section 475.25(l)(e), Florida Statutes, because the real estate broker failed to deny the essential elements of the crime charged; obtaining funds by making, uttering and delivering worthless checks. The Court ruled, since petitioner did not deny the charge made by the Commission and no attempt was made to deny the allegations, that they were admitted as true. The Commission “could properly rely upon this fact without offering affirmative proof at the hearing.” 202 So.2d at 200. In Everett v. Mann, 113 So.2d 758 (Fla.2d DCA 1959), a close reading of the case reveals a holding that possession of lottery tickets of itself is not sufficient to support a finding of moral turpitude within the meaning of Section 475.25(l)(e), Florida Statutes. The decision also states, however, “We are not confronted with a conviction of conducting a lottery or other allied phases of operating a lottery, but with a misdemeanor offense, merely possession of tickets as denounced under section 849.09(h), Florida Statutes, F.S.A.” Thus, in Carp v. Florida Real Estate Commission, 211 So.2d 240 (Fla.3d DCA 1968); certiorari denied 219 So.2d 427 (Fla.1969), a conviction for bookmaking was held sufficient to prove guilt of a crime involving moral turpitude within the meaning of Section 475.25(l)(e), Florida Statutes.
In the instant case, petitioners have never been tried for or conceded their guilt of any crime. We hold the Commission may not make a finding absent an actual adjudication of guilt by a court of competent jurisdiction. To rule otherwise would deprive petitioners of their rights as defendants in a criminal proceeding. See Horne v. Florida Real Estate Commission, 163 So.2d 515 (Fla.1st DCA 1964). We note in passing Section 475.25(l)(a), Florida Statutes, provides ample authority for the Commission to proceed against any license holder for the same acts with proper procedural safeguards.
The petition for writ of certiorari is granted, and these proceedings are reversed with directions to dismiss the information.
MAGER, C. J., and ALDERMAN, J., concur.

. Section 475.25(1), Fla.Stat. — Grounds for revocation or suspension—
“The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:”
Section 475.25(e), Fla.Stat.
“Been guilty of a crime against the laws of this state or any other state or of the United States, involving moral turpitude, or fraudulent or dishonest dealing; and the record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the state, shall be admissible as prima facie evidence of such guilt.”

. Accountants — Section 473.251(l)(d)
Architects — Section 467.14(l)(b)
Barbers — Section 476.14(1) & (10)
Chiropractors — Section 460.13(3)(c)
Cosmetology — Section 477.15(1)
Court Reporters — Section 457.081(1)
Dentists — Section 466.24(3)
Florida Uniform Land Sales Practices — Section 478.161(l)(b)
Funeral Directors — Section 470.13(2) and 470.13(1)
Investigative Agencies — Section 493.14(l)(f)
Land Surveyors — Section 472.10(3)(a)
Landscape Architects — Section 481.091(l)(b)
Masseurs — Section 480.11(l)(b)
Medical Doctors — Section 458.1201(l)(c)
Mortgage Brokers Act — Section 494.15(l)(d)
Naturopaths — Section 462.14(2)
Nurses — Section 464.21(1)
Nursing Home Administrators — Section 468.-175(l)(d)
Occupational Therapists — Section 468.-217(l)(c)
Optometry — Section 463.11(l)(b)
Osteopaths — Section 459.14(2)(a)
Pest Control — Section 482.161(4)
Pharmacy — Section 465.101(l)(g)
Pilots — Pilotage—Section 310.101
Podiatry — Section 461.08(l)(b)
Professional Engineers — Section 471.26(1)
Psychologist — Section 490.26(l)(c)
Sanitarian — Section 491.12(3)
Speech Pathology — Section 468.147(3)
Veterinarians. — Section 474.31(18)