352 So.2d 914 (1977)
Shirley HOLLAND, Petitioner,
v.
FLORIDA REAL ESTATE COMMISSION, Respondent.
No. 77-903.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Edward R. Miller, Naples, for petitioner.
Howard Hadley and Vaughan David Hulse, Winter Park, for respondent.
GRIMES, Judge.
This is a petition for certiorari seeking review of an order of the Florida Real Estate Commission suspending the petitioner's salesman's license for a period of one year.
The Real Estate Commission filed a complaint alleging that petitioner had violated Section 475.25(1)(e), Florida Statutes (1975). This statute provides for a suspension of registration for up to two years upon a finding that the registrant has:
"(e) Been guilty of a crime against the laws of this state or any other state or of the United States, involving moral turpitude, or fraudulent or dishonest dealing; and the record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the state, shall be admissible as prima facie evidence of such guilt; ..."
The Real Estate Commission's case before the hearing examiner consisted of the introduction of copies of certain records of a *915 criminal proceeding which had been filed against petitioner in the Dade County Circuit Court. According to the court records petitioner had been charged with fraudulently inducing persons to fill out employment applications and to make deposits for work uniforms with a view toward swindling them out of their deposits. The record of the plea hearing reflects that pursuant to a bargain, petitioner entered a plea of nolo contendere to the felony charge of gross fraud and agreed to assist the state in attempting to locate a man named Swanson, with the understanding that adjudication would be withheld and that he would receive one year's probation. The court accepted the plea and found the petitioner guilty but withheld adjudication and placed him on probation for one year on a nonreporting basis.
The petitioner then testified before the hearing examiner concerning the matters which led up to the court proceedings. He said that he had agreed to go to Miami from Naples for a five week period to help a Mr. Swanson establish a new business. Pursuant to Mr. Swanson's directions, he rented an office and advertised in the newspaper for prospective employees. Petitioner conducted interviews with approximately thirty persons and accepted $20 deposits from about fifteen applicants. Mr. Swanson never returned from a trip to Atlanta, and upon a complaint to the police that the jobs were not forthcoming, petitioner was arrested. The deposits which were still in the petitioner's possession were returned to the applicants. He said that he pled nolo contendere because his attorney advised him that by doing this there would be no record of any charges against him.
The petitioner also submitted evidence of a net worth of about $500,000 for the purpose of trying to demonstrate that he would not have been involved in a penny-ante fraud of the type with which he had been charged. He then concluded his case with four character witnesses. The hearing examiner found that the petitioner had violated the statute and recommended that his license be suspended for six months. When the matter came before the Real Estate Commission, the findings of the hearing examiner were sustained, but the penalty was increased to a one year suspension.
Traditionally, the entry of a plea of nolo contendere has been given no evidentiary effect beyond the action in which it was entered. 2 S. Gard, Jones on Evidence § 13:44 (6th ed. 1972); Annot., 89 A.L.R.2d 540, 600 (1963). Despite the relaxation of the strict rules of evidence which is permitted by Section 120.58(1)(a), Florida Statutes (1975), we do not believe that evidence of a nolo contendere plea would be admissible as evidence of guilt in an administrative proceeding any more than it would be in court. Therefore, we need not consider whether evidence of petitioner's plea, by itself, would be sufficient to support the finding of a violation of Section 475.25(1)(e).
The narrow legal question before us is whether the fact that the court made a finding that petitioner was guilty is equivalent to the guilt which is contemplated under Section 475.25(1)(e), in spite of the fact that an adjudication of guilt was specifically withheld.
The only Florida case remotely relevant is Rifkin v. Florida Real Estate Commission, 345 So.2d 349 (Fla.4th DCA 1977). In that case the Real Estate Commission sought to suspend the licenses of certain brokers for having violated the provisions of Section 475.25(1)(e), even though there had never been any court proceedings. The administrative hearing officer took evidence concerning the conduct of the brokers, and he ultimately found them "guilty" of a crime under the laws of Florida involving fraudulent or dishonest dealing. The court granted certiorari and directed that the information against the brokers be dismissed.
In the course of its opinion, the court held that the suspension of a broker's license could not be ordered under Section 475.25(1)(e) except upon "an actual adjudication of guilt by a court of competent jurisdiction." Admittedly, in its use of the term "adjudication of guilt" the court was not faced with the precise issue now before us, *916 but we think that this statement does provide the proper basis for a proceeding under Section 475.25(1)(e). In the eyes of the law a person is not deemed to have committed a crime until an adjudication of guilt has been entered against him.
Section 948.01, Florida Statutes (1975), permits the court to place a defendant on probation "with or without an adjudication of guilt." The obvious purpose of this statute is to avoid giving certain persons a criminal record when the prospects are good for rehabilitation. In the same vein, Section 901.33, Florida Statutes (1975), permits a person with no previous criminal record to have his arrest record expunged providing he is released "without being adjudicated guilty."
Since the petitioner was never adjudicated guilty by the Miami court, his license could not be suspended under Section 475.25(1)(e). As in Rifkin, we note that proof of the conduct with which the petitioner was charged would clearly come within the proscription of Section 475.25(1)(a).
The petition for writ of certiorari is granted, and the order of suspension is reversed.
HOBSON, Acting C.J., and RYDER, J., concur.