365 So.2d 427 (1978)
CATHOLIC SOCIAL SERVICES, Appellant,
v.
STATE of Florida DEPARTMENT OF COMMERCE, BOARD OF REVIEW and Teresa C. Menza, Appellees.
No. KK-325.
District Court of Appeal of Florida, First District.
December 19, 1978.
*428 Richard M. Denney of Timmel & Simpson, Fort Walton Beach, for appellant.
No appearance for appellees.
SMITH, Acting Chief Judge.
Appeal from an order of the Board of Review of the Department of Commerce. We allowed the Division of Employment Security to waive filing a brief in this case, upon its motion. Teresa C. Menza has made no appearance. This appeal and the proceedings below are governed by the Administrative Procedure Act, Chapter 120, Florida Statutes (1977). Section 120.57(1)(a)2 specifically provides that the Board of Review and unemployment compensation appeals referees may conduct Section 120.57(1) proceedings, in place of a DOAH hearing officer, in unemployment compensation appeals. Sections 20.17(5)(1) and 443.07(4)(e) make orders of the Board of Review final agency action, thus subject to our review under Section 120.68. Section 20.17(5)(l), mandating review of Board orders by "petition for writ of certiorari to the District Courts of Appeal" is not to the contrary. That section was enacted in 1977, in Chapter 77-399, Laws of Florida, and reflects that, at that time, we reviewed administrative orders under the rules governing certiorari. Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). Rule 9.110, Fla.R.App.P., now dictates that we review administrative orders by appeal proceedings.
In this case, the Board reviewed a decision of an unemployment compensation appeals referee finding that Teresa C. Menza was discharged from her employment for misconduct connected with her work, Section 443.07(4). As a result, Mrs. Menza was disqualified for unemployment benefits, Section 443.06(1). The Board reversed the decision, holding that the referee had improperly relied on "legally insufficient" hearsay evidence related by one of Mrs. Menza's former supervisors, Sister Winder, who was the only representative of the employer testifying at the hearing. We find, however, that the record contains competent evidence supporting the referee's decision.
The evidence consisted solely of testimony from Sister Winder and Mrs. Menza. Sister Winder testified that she was in *429 charge of the office where Mrs. Menza formerly worked, and had been concerned with Mrs. Menza's conduct on a day-to-day basis. She related that she observed some incidents of Mrs. Menza's misconduct and received reports of numerous other incidents from Mrs. Menza's immediate supervisor and other employees. On this basis she reprimanded Mrs. Menza and counseled her, warning that Mrs. Menza would be discharged if her behavior did not improve. She testified that Mrs. Menza was discharged when the supervisors concluded that she was not responding to counseling and was continuing to misbehave. Mrs. Menza corroborated Sister Winder's testimony to some extent, although she denied any misconduct. Mrs. Menza admitted having frequent confrontations with her immediate supervisor because she became annoyed when the supervisor inquired as to what work she was doing. She also admitted making two personal long-distance telephone calls on the office telephone after being specifically instructed not to make such calls.
Viewed as a whole, Sister Winder's testimony provides substantial competent evidence tending to prove that Mrs. Menza engaged in a continued course of misconduct and was discharged for that reason. Sister Winder's testimony was competent to establish the incidents of misconduct which she witnessed. And, since she had been actively involved in supervising and counseling Mrs. Menza, Sister Winder's recitations of misconduct reported to her by other supervisors were entitled to some weight. These recitations were at least sufficient to characterize Mrs. Menza's admitted confrontations with her immediate supervisor as argumentative and insubordinate. The Board is required to honor the referee's findings of fact where, as here, they are based on substantial competent evidence. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); Bagwell Lumber Co. v. Florida Dept. of Commerce, Div. of Employment Security, 353 So.2d 1261 (Fla. 2d DCA 1978).
The order appealed from is REVERSED and the cause is REMANDED to the Board with instructions to reinstate the referee's decision.
ERVIN and BOOTH, JJ., concur.