383 So.2d 1126 (1980)
Eddie TAYLOR, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Unemployment Appeals Commission, and Ocean Reef Club, Appellees.
No. 79-2004.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Robert E. Weisberg, Legal Services of Greater Miami, Inc., Miami, for appellant.
James R. Parks and Harden King, Jr., Tallahassee, for appellees.
Before HENDRY and BASKIN, JJ. and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
Appellant Eddie Taylor's claim for unemployment compensation benefits was denied by a claims examiner. An appeals referee reversed that decision. The Unemployment Appeals Commission reversed the referee's decision. We now reverse the decision of the Unemployment Appeals Commission.
The appeals referee, sitting as the finder of fact, Lundy's Market, Inc. v. Florida Department of Commerce, 373 So.2d 433 (Fla. 3d DCA 1979), determined the facts to be as follows:
The claimant became employed by employer ... a private resort club, as a lawn crew laborer, on May 13, 1975. The claimant was considered to be a good worker, and within two months was promoted to the position of crew chief. Prior to July, 1978, the claimant was considered to be an excellent worker, with a very good attendance record. However, in July, 1978, the claimant received a severe stab injury to his arm while off the job. The claimant utilized his vacation time to recuperate from his injury, but was also compelled to take several days off from work in addition to his vacation time. The claimant subsequently began to be absent from work more frequently because his arm did not properly heal, and because the extreme physical nature of his work, which included cutting grass, trimming trees, and edging, *1127 seemed to aggrevate [sic] the injury to his arm. The claimant was advised by the department supervisor to telephone the landscaping office on each occasion that he was to be absent from work. The claimant's girlfriend, with whom the claimant lived, always telephoned the employer to report the claimant's absences. The claimant was admonished by the department supervisor on at least one occasion that he was absent from work too much. On December 29, 1978, the assistant supervisor informed the claimant and all other employees that they were to report for work on Saturday, December 30, 1978, so that they could have January 2, 1979, off from work as a holiday, in addition to Monday. The claimant did not report for work on December 30, 1978, because he was ill. The claimant did not notify the employer of his absence because he was sick. The claimant's girlfriend did not telephone the employer to report the claimant's absence because she was too busy. When the claimant reported for work on January 3, 1979, he was discharged by the department supervisor.
The Commission concluded that claimant's failure to call in sick on the date in question was misconduct. We find the decision of the appeals referee was supported by substantial competent evidence, Florida Industrial Commission v. Ciarlante, 84 So.2d 1 (Fla. 1955); Catholic Social Services v. State Department of Commerce, 365 So.2d 427 (Fla. 1st DCA 1978), and must therefore be upheld. Lundy's Market, Inc. v. Florida Department of Commerce, supra.
The decision of the Unemployment Appeals Commission is therefore reversed, and the decision of the referee is reinstated.