390 So.2d 149 (1980)
DAVID CLARK & ASSOCIATES, INC., Appellant,
v.
Lowell E. KENNEDY, Jr., et al., Appellees.
No. VV-192.
District Court of Appeal of Florida, First District.
November 17, 1980.
*150 Stephen H. Durant of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellant.
James R. Parks and Geralyn M. Atkinson, Tallahassee, for appellees.
MASON, ERNEST E., (Ret.), Associate Judge.
This is an appeal by appellant, David Clark & Associates, Inc., of an order of the Unemployment Appeals Commission (UAC) dated April 3, 1980. The UAC added an additional finding to the decision of the appeals referee. Based on that finding, the UAC overturned the referee's decision, declaring that his decision was not supported by competent substantial evidence.
The appellee, Lowell E. Kennedy, had been employed by the appellant. He left his job but returned shortly thereafter. He worked on a construction site performing various laboring functions. The claimant was apparently subjected to some forms of harassment and abusive treatment. As a result of this treatment, the claimant left work a second time after only eight days on the job. Mr. Kennedy filed a claim for unemployment benefits, but a claims examiner in Jacksonville disqualified the claimant from receiving benefits for having left his employment without good cause attributable to the employer. See Section 443.06(1), Florida Statutes (1979).
Mr. Kennedy appealed to an appeals referee who held a hearing in Jacksonville on January 11, 1980. The referee in his order agreed with the claims examiner's determination. While the referee found that Mr. Kennedy may have felt he was being harassed, the referee found that a prudent person would not have left suitable work under similar circumstances. The appellee appealed the UAC. The UAC added an additional finding indicating that Mr. Kennedy was subjected to berating and abusive language. This treatment was found to be enough to reasonably impel the average person to give up his or her employment. The UAC reversed the referee and awarded benefits to the claimant.
The UAC maintains that under Section 443.07(4)(c), Florida Statutes (1979), it has the right to "affirm, modify or reverse the findings and conclusions of the appeals referee." With that we find no fault, because it has been held that the UAC has the right to reverse an appeals referee based on evidence in the record. Varig Brazilian Airlines v. Fla. Dept. of Commerce, 354 So.2d 921 (Fla. 3rd DCA 1978). However, there is a prerequisite to reversal and presumably modification of an appeals referee's *151 findings and conclusions. It must be determined that there is no competent substantial evidence to support the referee's determination. Under Section 443.07(4)(c), Florida Statutes (1979), the UAC must honor a referee's determinations, if they are based on competent substantial evidence. Catholic Social Services v. State Dept. of Commerce, Board of Review, 365 So.2d 427, 429 (Fla. 1st DCA 1978). The UAC cannot reverse a referee when his decision is based on competent substantial evidence. Taylor v. State Dept. of Labor & Employment Security, 383 So.2d 1126, 1127 (Fla. 3rd DCA 1980); General Telephone Co. of Florida v. Board of Review, 356 So.2d 1357, 1358 (Fla. 2nd DCA 1978).
The reason for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence. McCray v. Dept. of H.R.S., 384 So.2d 980 (Fla.3d DCA 1980). The principles discussed above apply with equal weight to an attempted modification of a hearing officer's determinations under Chapter 120, Florida Statutes. See Samson v. Bureau of Community Medical Facilities Planning of Dept. of Health & Rehabilitative Services, 363 So.2d 412, 415-416 (Fla. 1st DCA 1978). It is apparent that an attempted modification of an appeals referee's determinations by the UAC under Section 443.07(4)(c), Florida Statutes (1979), is an administrative proceeding demanding as a prerequisite the absence of competent substantial evidence in the record. Although the UAC found a lack of competent substantial evidence, such a finding came after the UAC modified the referee's findings. Since it appears to us upon a review of the record that there is ample competent substantial evidence in it to support the referee, we reverse the order of the UAC and remand this case to the UAC with orders to substitute the referee's decision for the UAC's decision.
Reversed.
LARRY G. SMITH and SHIVERS, JJ., concur.