407 So.2d 319 (1981)
FORKEY & KIRSCH, P.A., Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, State of Florida, and Paulette Rich, Appellees.
No. 81-414.
District Court of Appeal of Florida, Fourth District.
December 15, 1981.
*320 Neil G. Frank of Forkey, Frank & Horowitz, P.A., Fort Lauderdale, for appellant.
James R. Parks and Donna Erlich, Tallahassee, for appellee, Unemployment Appeals Commission.
PER CURIAM.
A former employer seeks review of an order of the Unemployment Appeals Commission (UAC) which reversed the decision of an unemployment compensation appeals referee. The appeals referee had found the former employee left her employment without good cause attributable to her employer and, therefore, was disqualified from receiving unemployment benefits. § 443.06(1), Fla. Stat. (1979). In reversing the decision of the appeals referee, the UAC found that the record revealed that the claimant had good cause attributable to her employer to leave her employment. It is our conclusion that the UAC erred in reversing the findings of the appeals referee.
While the UAC has the authority, pursuant to Section 443.07(4)(c), Florida Statutes (1979), to "... reverse the findings and conclusions of the appeals referee," it can do so only where there is no substantial competent evidence to support the referee's determination. David Clark & Associates, Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); Catholic Social Services v. State Department of Commerce, Board of Review, 365 So.2d 427 (Fla. 1st DCA 1978). The UAC cannot reweigh evidence or reverse a referee when his decision is based on substantial competent evidence. Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979); Taylor v. State Dept. of Labor and Employment Security, 383 So.2d 1126 (Fla. 3d DCA 1980); McCray v. Dept. of Health and Rehabilitative Services, 384 So.2d 980 (Fla. 3d DCA 1980); David Clark & Associates, Inc. v. Kennedy, supra.
We find the decision of the appeals referee was supported by substantial competent evidence, and must be upheld. The decision of the Unemployment Appeals Commission is reversed and the cause is remanded with instructions to reinstate the referee's decision.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.