411 So.2d 313 (1982)
Nelson SANCHEZ, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 81-1125.
District Court of Appeal of Florida, Third District.
March 23, 1982.
*314 Nelson Sanchez, in pro. per.
James Parks and A. Robert Whaley, Tallahassee, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
Sanchez seeks reversal of an order of the Unemployment Appeals Commission upholding a referee's finding which denied unemployment compensation benefits on the basis of employee misconduct. We must affirm the referee's determination of misconduct if it is supported by competent, substantial evidence in the record. CF Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981); Catholic Social Services v. Florida Department of Commerce, 365 So.2d 427 (Fla. 1st DCA 1978).
Sanchez was employed for a period of approximately four months at Larkin General Hospital in Miami. The record reveals that, aside from engaging in frequent verbal altercations with other hospital employees, Sanchez fought a constant, losing battle with the time clock. Indeed, the record demonstrates that although Sanchez agreed to work a minimum of forty hours per week, he did not satisfy this requirement in any week of the entire four-month period.
The denouement of Sanchez' employment occurred with an unauthorized absence from "work." Sanchez asserted as a justification for the missed days, that he undertook during his truancy to undergo elective surgery to repair a deviated septum. There is medical support in the record indicating that the surgery was not of such an emergent nature as to require remedial attention without first obtaining the approval of a supervisor. Sanchez was discharged from his employment at Larkin General Hospital prior to his being discharged from nasal surgery at Palm Springs General Hospital.
Sanchez' occupational problems have been recognized by various courts as warranting disqualification from compensation benefits. In Chapman v. Division of Employment Security of Department of Labor, 104 So.2d 201 (La. App. 1958), a roofer's helper was terminated from employment for arriving late on three mornings during three weeks of work. Affirming a subsequent denial of unemployment compensation, the court stated: "From time immemorial promptness in reporting to work has been regarded as essential to the proper conduct of an employer's business, and tardiness has been accepted as sufficient grounds for the termination of employer-employee relationship." 104 So.2d at 203-204.
A similar pattern of employee belligerence was reprimanded in Unemployment Compensation Board of Review v. Glenn, 23 Pa. Commw. Ct. 240, 350 A.2d 890 (1976), wherein it was determined that: "Habitual tardiness, particularly after warnings that a termination of services may result if the practice continues, is sufficient evidence of an employee's disregard of the employer's interest to sustain a finding of willful misconduct." 350 A.2d at 892. See Malliet v. Levine, 52 A.D.2d 1026, 383 N.Y.S.2d 690 (1976); De Scetto v. Levine, 51 A.D.2d 1100, 381 N.Y.S.2d 356 (1976).
Likewise, the discharge of an employee for misconduct in failing to comply with a forty-hour workweek has been held to constitute a valid reason for denying a compensation claim. Nathanson v. Levine, 51 A.D.2d 1100, 381 N.Y.S.2d 358 (1976).
Additionally, an unauthorized absence from work for personal reasons not of a critical nature may comprise employee misconduct justifying a refusal of compensation. Florida Junior College at Jacksonville v. Florida Department of Labor, Division of Employment Security, 381 So.2d 1120 (Fla. 1st DCA 1979); City of Riviera *315 Beach v. Florida Department of Commerce, Division of Employment Security, 372 So.2d 1007 (Fla. 4th DCA 1979).
When viewed against this legal background, the record in this case clearly evinces substantial evidence in support of disqualifying Sanchez from eligibility for unemployment compensation benefits.
Affirmed.