469 So.2d 184 (1985)
Diane R. WYCHE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Southeast Bank, N.A., Appellees.
No. 84-1520.
District Court of Appeal of Florida, Third District.
May 21, 1985.
*185 Mark Alan LeVine, Donald M. Papy, Miami, for appellant.
John D. Maher, Steel, Hector & Davis and Patricia Lowry Dupree, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Diane R. Wyche appeals an order entered by the Florida Unemployment Appeals Commission [Commission] disqualifying her from receiving unemployment compensation benefits. We reverse.
Southeast Bank, N.A., [Bank] fired its employee, Wyche, following a fight involving Wyche and her supervisor. Wyche filed a claim for Florida Unemployment Compensation benefits. When the Bureau of Unemployment Compensation ruled Wyche disqualified because her discharge was based on misconduct connected with her work, Wyche duly appealed. After hearing the matter, an appeals referee determined that Wyche had pushed her supervisor *186 after the supervisor hit Wyche. The referee stated:
The claimant testified that she pushed the supervisor only after the supervisor poked her nose. Thus, the claimant was provoked by the supervisor into fighting. The fight continued when the supervisor started swinging her fists at the claimant. Under these circumstances, the claimant's actions are not considered misconduct. Accordingly, it is held that the claimant was discharged but not for misconduct connected with the work.
Thereafter, Wyche entered a plea of no contest to a county court criminal charge of battery on her supervisor. Armed with the evidence of Wyche's plea, the Bank appealed the referee's decision to the Commission. The Commission concluded that Wyche's subsequent plea established her misconduct in connection with her employment, reversed the referee's ruling, and disqualified Wyche from receiving benefits.
In reviewing the Commission's decision, we must decide whether the Commission applied the correct standard of review to the referee's decision. The Commission may reverse an appeals referee's findings of facts and conclusions of law only in the absence of competent substantial evidence supporting the referee's determinations. Forkey & Kirsch, P.A. v. Unemployment Appeals Commission, 407 So.2d 319 (Fla. 4th DCA 1981); David Clark & Associates v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); Taylor v. State, Department of Labor & Employment Security, 383 So.2d 1126 (Fla. 3d DCA 1980). The Commission did not refute the referee's finding that Wyche was provoked into fighting or rule that the referee's decision was not based on substantial competent evidence; instead, the Commission declared that Wyche's subsequent plea of no contest to the charge of battery constituted sufficient evidence in and of itself to establish "misconduct connected with her work." We believe the Commission erred in interpreting the applicable law and that its decision requires reversal.
Section 443.101(1), Florida Statutes (1983), disqualifies an individual for benefits when the individual is discharged from employment for misconduct in connection with work. Section 443.101(9)(a), Florida Statutes (1983), provides disqualification for benefits if the individual was terminated for violation of a criminal law in connection with his employment and "the individual ... has entered a plea of no contest."
Although the Commission may entertain additional evidence when considering the findings and conclusions of the appeals referee, section 443.151(4)(c), Florida Statutes (1983), its use of a subsequent no contest plea is subject to limitations.
Traditionally, the entry of a plea of nolo contendere has been given no evidentiary effect beyond the action in which it was entered... . Despite the relaxation of the strict rules of evidence which is permitted by Section 120.58(1)(a), Florida Statutes (1975), we do not believe that evidence of a nolo contendere plea would be admissible as evidence of guilt in an administrative proceeding any more than it would be in court.
Holland v. Florida Real Estate Commission, 352 So.2d 914 (Fla. 2d DCA 1977). A plea of no contest represents only an unwillingness to contest a charge. Vinson v. State, 345 So.2d 711, 714 (Fla. 1977); Chesebrough v. State, 255 So.2d 675 (Fla. 1971), cert. denied 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972). It does not constitute an admission of guilt and may not be used as direct evidence of guilt in a civil suit. See Fisher v. Wainwright, 584 F.2d 691 (5th Cir.1978) (plea of nolo contendere may not be used in subsequent civil litigation); Chesebrough (plea of nolo contendere may not be used in civil suit as admission of facts charged in complaint). See also § 90.410, Fla. Stat. (1983). Accordingly, a no contest plea does not establish misconduct in employment under section 443.101(1) or violation of a criminal law under section 443.101(9)(a).
We therefore conclude that the Commission's reliance on Wyche's subsequent *187 no contest plea as the sole basis for overturning the referee's finding of no misconduct in connection with work constituted an erroneous interpretation of a provision of law requiring reversal. See White v. School Board of Dade County, 466 So.2d 1141 (Fla. 3d DCA 1985); Gershanik v. Department of Professional Regulation, Board of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984); Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984).
For these reasons we reverse the Commission's order and remand the cause with directions to enter an order approving unemployment compensation benefits for Wyche.
SCHWARTZ, C.J., concurs.
JORGENSON, Judge, dissenting.
Because the actions for which claimant's termination is based cannot be characterized as anything other than a work-related violation of a criminal law, I respectfully dissent. In my view there was indeed sufficient proof to support a finding of such violation[1] and that the elements of section 443.101(9)(a), Florida Statutes (1983), have been met. I interpret the UAC order to meet the requirements of sections 443.101(1), (9)(a) and 443.151(4)(c), Florida Statutes (1983).[2] As the UAC order noted:
The issue before the Commission is whether the claimant was discharged by the employer for misconduct connected with work as provided in section 443.101(1), Florida Statutes.
The record of the no contest plea entered by Wyche in the county court and filed pursuant to Florida Administrative Code Rule 38E-3.05 by claimant's employer was properly received by the UAC and furnished an abundant basis for UAC's conclusion that claimant's actions amounted to "misconduct connected with work," pursuant to the requirements of section 443.101(1), Florida Statutes (1983).[3]
Contrary to the majority's assertion that a plea of no contest represents only an unwillingness to contest a charge, such a plea has a definite consequence.[4] On the basis of the evidence of a no contest plea, UAC properly found that the elements of section 443.101(9)(a) Florida Statutes (1983), were satisfied. The statutory requirement that "the division or Unemployment Appeals Commission [find] that the individual was terminated from his employment for violation of any criminal law punishable by imprisonment in connection with work" must be read in pari materia with the further conjunctive (evidentiary) requirement that "the individual has been found guilty of the offense, has made an admission of guilt in a court of law, or has entered a plea of no contest"  and interpreted to require only a finding that an action connected with work was the basis for the termination of employment  else the evidentiary requirement would be rendered meaningless.
*188 However they are labeled, misconduct or otherwise, Wyche's actions, found by the hearing officer to have precipitated the termination, are the very same actions that were subsequently found by a court to be a battery and, thus, UAC's succeeding finding, based on all the evidence, that claimant was terminated for an "action which violated a criminal law punishable by imprisonment" was proper.
I would affirm.
NOTES
[1] It is undisputed by the parties, and there is evidence on the record, that a fight occurred at the place of work between the employee/claimant and her supervisor. The pleadings indicate the verbal disagreement became physical. The claimant testified at the hearing before the appeals referee that she pushed her supervisor and, later, during the fight she "grabbed her by her shoulder and ... was shaking her."
[2] Section 443.151(4)(c), Florida Statutes (1983), reads, in relevant part:

Upon review on its own motion or upon appeal, the commission may on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct to be taken, affirm, modify, or reverse the findings and conclusion of the appeals referee.
[3] At the time the appeals referee made the findings of fact and the determination which entitled claimant to compensation benefits, the appeals referee did not have before her, nor could she have, the evidence which arose subsequent to that hearing of claimant's nolo plea and the judicial finding of guilt to the charge of battery. We cannot reposition the sequence of these events.
[4] Holland v. Florida Real Estate Commission, 352 So.2d 914 (Fla. 2d DCA 1977), relied on by the majority, was decided upon a statute that did not involve a nolo contendere plea and therefore, is inapposite.