KLEIN, Judge.
Appellant, a server at a restaurant, was fired after she questioned the amount of a tip and the customer complained to management. The customer had used a coupon which allowed two dinners which cost fifteen dollars each for the price of one, and left a two-dollar tip.
It was the policy of the restaurant for servers to be able to ask customers, where the tip is low, if they were unhappy with either the food or service, because management wanted to know. The restaurant fired her because she went beyond that policy and told the customer, after he responded that there was nothing wrong with the food or service, that a standard gratuity is fifteen percent.
The testimony before the referee reflected a conflict between the appellant, who testified that she had not been specifically warned about discussing the size of the tip with the customer, and the testimony of a restaurant employee who testified that she had been warned. The referee awarded unemployment benefits, resolving this conflict, based on the “overall candor and demeanor of the witnesses,” in favor of appellant.
The employer appealed this decision to the Unemployment Appeals Commission, and, after reciting some of the referee’s fact findings, but not that portion of the referee’s order which resolved the conflict in favor of claimant, the Commission reversed, concluding that appellant had deliberately disregarded her duties and was properly discharged for misconduct. We find that the Commission has improperly reweighed the evidence and substituted its findings for those of the referee. Forkey & Kirsch, P.A. v. Unemployment Appeals Comm’n, 407 So.2d 319 (Fla. 4th DCA 1981). Appellant is therefore entitled to benefits.
Reversed.
FARMER and STEVENSON, JJ., concur.