PER CURIAM.
Elsy Lozano appeals from an order of the Unemployment Appeals Commission affirming the referee’s recommended denial of her application for unemployment compensation benefits. For the following reasons, we affirm.
Lozano worked as a data entry clerk for the Department of Corrections. She previously worked in one of the Department’s downtown Miami offices but had requested a transfer and was reassigned to an office closer to her home in Southwest Miami-Dade County. She had a ten-minute commute to her new office. Unfortunately, her office in Southwest Miami-Dade caught fire and the employees at that location were temporarily reassigned to other locations throughout the county while the office was repaired and rebuilt. Lozano requested temporary reassignment either to the Homestead office (which also required a ten-minute commute) or permission to work from home. Alternately, she asked for a leave of absence until her office was rebuilt. There were no openings in the Homestead office, so that request was denied. Instead, the Department responded to her request by assigning her to another Downtown Miami office, which, by her estimation, required a sixty to ninety-minute commute. As a consequence of this new commute, Lozano voluntarily resigned.
An employee is entitled to unemployment benefits when she leaves her job for good cause attributable to her employer. § 443.101(1)(a), Fla. Stat. (2004). “Good cause” is defined as “those circumstances which would impel the average, able bodied, qualified worker to give up employment.” Ferguson v. Henry Lee Co., 734 So.2d 1161, 1162 (Fla. 3d DCA 1999) (citations omitted).
*390 In this ease the referee found, and the commission agreed, that an average, able-bodied, qualified worker would not have resigned in response to a temporary reassignment required after an unfortunate workplace fire. This conclusion is supported by competent, substantial record evidence. See Walukiewicz v. Unemployment Appeals Comm’n, 861 So.2d 1288 (Fla. 5th DCA 2004) (“The standard of review of an administrative agency’s adjudicative findings is whether the findings are supported by competent, substantial record evidence. If they are so supported, the findings may not be disturbed on appeal.”); Wyche v. Unemployment Appeals Comm’n, 469 So.2d 184 (Fla. 3d DCA 1985) (same).
Affirmed.