LAWSON, J.
Alexander Paul Romano appeals from a final order of the Florida Real Estate Commission, (the “Commission”), which found him guilty of violating section 475.25, Florida Statutes, suspended his real estate license for five years, fined him, and ordered him to attend future Commission meetings as a sanction. For the reasons explained below, we affirm the final order in all respects except for imposition of the last sanction.
Romano obtained his real estate license in 1998. It is undisputed that on November 4, 1999, Romano entered guilty pleas to three felony charges and one misdemeanor charge in Dade County, Florida. *940 The charges all arise from the same set of circumstances which, according to Romano, also involved an unnamed friend. Romano explains that he leased a BMW vehicle for this Mend, because the person had poor credit and could not qualify for the lease. When the friend could no longer afford to make the payments, or tired of the car, he set the car on fire and then told Romano about his misdeed. Romano then falsely reported the car as having been stolen, both to police and to his insurance company. After investigation, the State charged Romano with second degree grand theft (a second degree felony);[1] burning to defraud an insurer (a third degree felony),[2] filing a false insurance claim (a third degree felony);[3] and giving false information to a law enforcement officer (a first degree misdemeanor).[4]
As previously indicated, Romano entered pleas of guilty to all charges on November 4, 1999. The trial court accepted the pleas, entered a written finding of guilt as to all charges, withheld adjudication, and placed Romano on felony probation for five years. Romano’s conduct while on probation was apparently exemplary. He paid back the entire amount of restitution ordered ($38,000), and never violated probation. It is also undisputed, however, that Romano never reported his convictions to the Commission. Ultimately, however, an anonymous source registered a complaint to the Commission regarding Romano’s unreported convictions. The Commission investigated and filed a formal complaint in the action below, alleging three violations of section 475.25(l)(f), Florida Statutes, and one violation of section 475.25(l)(p), Florida Statutes. Section 475.25(l)(f) provides that the Commission may impose fines and may also suspend or revoke a real estate license if it finds that a licensee has:
been convicted or found guilty of, or entered a plea of nolo contendere to, regardless of adjudication, a crime in any jurisdiction which directly relates to the activities of a licensed broker or sales associate, or involves moral turpitude or fraudulent or dishonest dealing. ...
Section 475.25(l)(p) provides for the same penalties upon a finding that a licensee fails to:
inform the commission in writing within 30 days after pleading guilty or nolo contendere to, or being convicted or found guilty of, any felony.
In a rather convoluted and hyper-technical argument, Romano’s appellate counsel suggests that because Romano entered guilty pleas, with adjudication withheld, he has not violated either of these sections. This argument is based on the fact that unlike section 475.25(l)(p), section 475.25(l)(f) references only “a plea of nolo contendere,” and not a guilty plea. Because Romano pled guilty, counsel argues, section 475.25(l)(f) does not apply. With respect to section 475.25(l)(p), counsel contends that although this section references a plea of guilty, it does not include the language “regardless of adjudication” that is found in section 475.25(l)(f). Because the trial court withheld adjudication on all charges, counsel asks us to hold that Romano was not required to report any of the felonies to the Commission, as a matter of law. We reject these argument for several reasons.
First, the record contains the trial court’s written finding of guilt as to all *941 charges. Both statutes apply whenever a licensee has been “found guilty” of qualifying crimes. And, it is undisputed that Romano was found guilty on all charges. But cf. Holland v. Fla. Real Estate Comm’n, 352 So.2d 914 (Fla. 2d DCA 1977) (holding that a court’s finding of guilt, standing alone, could not serve as the sole evidentiary basis for disciplinary action against á real estate agent who pled nolo contendere to charges, while maintaining his innocence, when adjudication was withheld).
Second, with respect to section 475.25(1)®» the courts of this state have long equated a guilty plea with a conviction. See, e.g., Tolar v. State, 196 So.2d 1, 7 (Fla. 4th DCA 1967) (“A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.”) (quoting Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). By contrast, a plea of nolo contendere has “[tjraditionally ... been given no evidentiary effect beyond the action in which it was entered.” Holland, 352 So.2d at 915. Therefore, it makes sense that the Legislature would amend the statute to expressly equate a plea of nolo contendere with a conviction. However, it had no need to do so with respect to a guilty plea. In fact, it is clear from our review of the evolution of this statute that this is why the statute is worded as it is. As originally enacted, the statute simply authorized discipline against a real estate agent “found guilty, regardless of adjudication” of a qualifying crime. However, the courts then expressly ruled that a plea of nolo contendere could not be used as a basis for discipline under this section. See Holland, 352 So.2d at 914-915. The Legislature then amended the statute to expressly provide for discipline based upon either a finding of guilt or a conviction, and adding that: “Any plea of nolo contendere shall be considered a conviction for purposes of this paragraph.” Ch. 83-329, s. 61, Laws of Florida. There was no reason to expressly include a guilty plea, because a finding of guilt based upon a guilty plea could already serve as the basis for disciplinary action under the pri- or language (which was left intact).
Then, in 1994, the Legislature shortened the section by replacing the sentence (added in 1983) with the clause “or entered a plea of nolo contendere to ...” Ch. 94-199, s. 141, Laws of Florida. This edit did not change the substance of the statute at all. And, again, because a finding of guilt based upon a guilty plea had always subjected a licensee to discipline under this section (and because a guilty plea is equated with a conviction under our case law), there was no need to expressly add language confirming that a licensee could be disciplined for entering a plea of guilty to a qualifying crime.
Third, it would be absolutely absurd to construe section 475.25(1)® as providing for administrative discipline for a licensee who entered a nolo contendere plea (which has traditionally not bound a defendant in other proceedings) but not allowing the Commission to discipline a licensee who entered a guilty plea (which has always been seen as binding the defendant, and therefore equated with a conviction) to the same crime. We refuse to construe the statute as mandating this absurd result. State v. Presidential Women’s Center, 937 So.2d 114, 119 (Fla.2006).
Fourth, with respect to section 475.25(l)(p), the statute expressly requires all licensees to inform the Commission within 30 days after “pleading guilty” to “any felony.” This language is clear and unambiguous. Romano plead guilty to *942 three felonies, and should have reported them, as counsel conceded below.
Finally, section 475.25(l)(p) must be read as a whole with the rest of the statute. Montgomery v. State, 897 So.2d 1282, 1286 (Fla.2005). It is clear from the whole statute that the Legislature wants the Commission to address any felony plea entered by a licensed real estate agent, whether the plea is one of guilty or nolo contendere, and whether or not adjudication was withheld. Therefore, section 475.25(l)(p) must be read as requiring a licensee to report any plea or other finding of guilt, regardless of whether adjudication is withheld. Id.
Although Romano raises several other issues on appeal, we find only one additional issue that merits discussion. In addition to imposing a fine and license suspension, the Commission also ordered Romano to attend four two-day Commission meetings as a final penalty for his violations. On appeal, Romano argues that the Commission is not authorized to impose this last penalty. Appellee apparently concedes this issue, because the answer brief does not address it at all, much less cite any authority for the penalty. Because the issue appears to have been conceded, and because we see no authority in section 475.25, Florida Statutes, for the Commission’s imposition of this penalty, we reverse that portion of the final order requiring Romano to attend Commission meetings as a penalty. In all other respects, the final order is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN and ORFINGER, JJ., concur.

. § 812.014(2)(b), Fla. Stat.

. § 817.233, Fla. Stat.

. § 812.014(2)(b), Fla. Stat.

. § 837.05, Fla. Stat.