384 So.2d 980 (1980)
Janie McCRAY, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES of the State of Florida, Appellee.
No. 79-2130.
District Court of Appeal of Florida, Third District.
June 24, 1980.
Rena Wisotsky, Marcia K. Cypen, Miami, Legal Services of Greater Miami, Inc., for appellant.
Leonard Helfand, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
The final administrative order under review is affirmed upon a holding that: (a) the termination of AFDC benefits in June 1979 as to the subject three minor children was properly upheld by the hearing officer below as there was competent, substantial evidence in the record to support such a termination [to wit, an AFDC program sheet in an audit report which was admissible below under the law of evidence as a business record and a statement of fact concerning family history], which result is not changed by the presence of other conflicting evidence in the record [to wit, a written statement by Calvin McCray II] because the hearing officer as the trier of fact was privileged to weigh and reject such conflicting evidence, G & B of Jacksonville, Inc. v. State, Dept. of Business Regulation, Div. of Beverage, 362 So.2d 957 (Fla. 1st DCA 1978); §§ 90.803(6), (13), 120.68(10), Fla. Stat. (1979); Fla. Admin. Code Rule 10-2.60(1); see De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957); and (b) the denial of AFDC benefits upon re-application in July 1979 as to the minor child Calvin McCray III was properly upheld by the hearing officer below as there was competent, substantial evidence in the record to support such a denial of benefits notwithstanding other contrary evidence in the record which the hearing officer was privileged to reject. G & B of Jacksonville, Inc. v. State, Dept. of Business Regulation, Div. of Beverage, 362 So.2d 957 (Fla. 1st DCA 1978); § 120.68(10), Fla. Stat. (1979); Fla. Admin. Code Rule 10-2.60(2).
Affirmed.