STONE, Judge.
The School Board appeals an order of the Unemployment Appeals Commission declaring a substitute teacher eligible for unemployment benefits. We reverse.
The claimant signed the following form in applying to be placed on a substitute teacher list:
[[Image here]]
The basis of Ms. Jones’ unemployment compensation claim was that she was not utilized as frequently at the beginning of the 1985 school year as she had been at the end of the preceding school year. The academic year started on August 26th. Ms. Jones worked on August 29th, and filed for benefits on September 11th. The commission contends that the claimant was unemployed on those days she was not called.
The referee found that each day constituted an employment period and that the claimant was unemployed because of lack of work. The claimant was therefore found to be entitled to benefits for any week in which she earned less than her weekly benefit amount as determined by the standard formula. In other words, the referee found that a claimant is covered as unemployed under the act whenever his or her wages within a week are less than the *507 average weekly wage as computed by a standard formula.
The issue before us is whether the commission correctly interpreted the term unemployed as used in Chapter 443, Florida Statutes. This is a question of law.
The purpose of the unemployment compensation law is to provide benefits to persons who have been employed and have become unemployed through no fault of their own. § 443.021, Fla.Stat. (1985).
Unemployment is defined under the statute as follows:
An individual shall be deemed “totally unemployed” in any week during which he performs no services and with respect to which no wages are payable to him, or shall be deemed “partially unemployed” in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly benefit amount.
§ 443.036(30)(a), Fla.Stat. The statute further provides that regulations shall be prescribed that are:
applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-time unemployment, partial unemployment of individuals attached to their regular jobs, and other forms of short-time work....
§ 443.036(30)(a), Fla.Stat. The regulations promulgated under the unemployment compensation statute define total unemployment as:
the unemployment of any individual in any week during which he performs no services and with respect to which no wages are payable to him.
Fla.Admin.Code Rule 38B-2.11(l)(a). The rules also provide that an individual is partially unemployed during a week in which he earns less than his weekly benefit amount, “and was employed by a regular employing unit, and worked less than his normal customary full time hours ... because of lack of full time work.” Fla.Admin.Code Rule 38B-2.12(l)(a) (emphasis added). Eligibility for unemployment benefits is also contingent upon availability for work. § 443.091(1), Fla.Stat. (1985).
It is undisputed that under the particular system in this case, a substitute teacher has no obligation to work if called, and is not promised any particular number of calls in any given period of time. Under the system in question, names are placed on a rotating list and substitutes are called at random. It is also clear that substitute teachers, such as the claimant, are not regularly employed by the school district; they are paid by the hour, receive no benefits, do not have social security or income taxes is withheld from their pay, and are not restricted from accepting other employment, including full-time work. The claimant in this case was not removed from the list or laid off in any way. In fact, the claimant was working as a substitute on the day of her hearing before the unemployment appeals referee.
In North Miami General Hospital, Inc. v. Plaza, 432 So.2d 723 (Fla. 3d DCA 1983), the court held that a respiratory therapist who worked for the hospital only when she wanted to was not eligible for unemployment compensation benefits. The court stated:
[w]e conclude that a person who, like Ms. Plaza, works only when she wants to is not ‘available for work’ within the meaning of section 443.091(l)(b), Florida Statutes (1981), and that she was therefore ineligible for unemployment benefits.
North Miami General Hospital, 432 So.2d at 724. North Miami General Hospital is factually analogous to the instant case. The commission suggests however, that North Miami General Hospital is confined to the legal issue of whether an employee is available for work rather than, as here, the interpretation of the term “unemployment”.
We conclude that the claimant was neither totally nor partially unemployed. We recognize that part-time workers are entitled to benefits under the statute, as are substitute teachers who by contract are paid to be available during specified periods of time. The unemployment compensation law is not designed to provide coverage to substitute workers who are called in *508 from time to time as the need arises. The construction of the law given by the commission is beyond the scope of legislative intent and is clearly erroneous. The decision of the unemployment appeals commission is reversed. We remand with directions that the claim be denied.
LETTS and WALDEN, JJ., concur.