648 So.2d 284 (1995)
Mary T. AMATO, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 94-0043.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
*285 Mary T. Amato, pro se.
William T. Moore of State of Florida, Unemployment Appeals Com'n, Tallahassee, for appellee.
PER CURIAM.
Appellant, Mary Amato, challenges a final order of the Unemployment Appeals Commission (UAC) which reversed the appeals referee's conclusion that Amato was entitled to unemployment benefits because she left her job for good cause. Because we find that the UAC improperly disregarded the referee's findings of fact, we reverse.
A claimant who has voluntarily left work without good cause will be disqualified from receiving unemployment benefits. But if the employee leaves for "good cause" attributable to the employing unit, the employee will not be disqualified from receiving benefits. See § 443.101, Fla. Stat. (1993). Good cause has been defined as "such cause as would reasonably impel the average able-bodied worker to give up his or her employment." Uniweld Products, Inc. v. Industrial Relations Comm'n, 277 So.2d 827 (Fla. 4th DCA 1973).
In the instant case, the referee concluded that because the employer repeatedly demanded that Amato work five days a week in the office, instead of three as their agreement provided, the employer essentially changed the terms of the agreement under which Amato accepted employment. Therefore, the referee concluded, changing the employment terms provided Amato "good cause" for quitting the job. In reversing the referee's decision, the UAC stated that in leaving her position, Amato "did not act as a reasonable and prudent person interested in retaining gainful employment." The UAC concluded that the employer's request that Amato work five days a week instead of three was not a change of the conditions of employment because Amato never worked five days and was not reprimanded for failing to work five days.
While the finding of whether "good cause" exists frequently involves a mixed question of law and fact, in this case, the UAC had no right to reject the referee's factual finding that the employer, by repeatedly demanding that Amato work more than three days a week, changed the conditions of employment. See Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106 (Fla. 5th DCA 1990); Forkey & Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981); Uniweld.
Accordingly, the final order on appeal is reversed and this cause remanded with directions that the order of the referee be reinstated.
STONE, FARMER and STEVENSON, JJ., concur.