CAMPBELL, Acting Chief Judge.
Claimant challenges the Unemployment Appeals Commission’s (UAC) order denying her unemployment benefits. She was denied benefits on the grounds that she voluntarily left her previous employ without good cause attributable to her employer. Our review of the record leads us to conclude that although she left voluntarily, the reason was attributable to the employer.
Claimant worked for First Florida Bank for seventeen years before she was laid off when the bank was bought by Barnett. After being laid off, claimant registered with ROMAC Professional Temporaries and was placed on a temporary assignment at Fortune Bank, starting September 23, 1993, that would last until perhaps the end of the year. According to ROMAC, the assignment was temporary and would definitely end. Claim *216 ant then left Fortune Bank to take a job with Karen S. Keaton, P.A., beginning October 5, 1993. She was discharged approximately one month later because she did not have the necessary legal background. Claimant’s request for unemployment benefits was denied because it was determined that she voluntarily left Fortune Bank/ROMAC to work for Keaton and that her departure was without good cause attributable to Fortune Bank/RO-MAC. We conclude that the average, able-bodied worker would have left Fortune Bank/ROMAC under similar circumstances.
This court established in Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), that taking a part-time job to help make ends meet does not disqualify an individual from receiving unemployment benefits for previously-held full-time work. In a case factually similar to the instant case, Palm Beach School Board v. Unemployment Appeals Comm’n, 576 So.2d 362 (Fla. 4th DCA 1991), the court concluded that where a woman who had held a full-time job as a computer sales clerk signed on with the school board as a substitute teacher, that substitute teaching job was similar to part-time work in that it was only used as a means to make ends meet while looking for a permanent full-time job. As such, the court concluded that the claimant had not been attached to a “regular employer” and was, accordingly, entitled to unemployment benefits, reduced by any income she earned substitute teaching. The court reasoned: “Any other result would only serve to discourage an unemployed individual from seeking what work he or she can find while seeking more permanent full time employment, to the detriment both of the individual and at greater cost to the unemployment compensation fund.” 576 So.2d at 365.
We conclude that similar reasoning applies here. Claimant was laid off from First Federal and only took the temporary job at Fortune Bank in the interim to make ends meet. In this respect, the temporary position was analogous to the substitute teaching position in Palm Beach School Board. Given the temporary nature of the Fortune Bank position, we conclude that the average, able-bodied employee would have left that position in favor of a permanent position. As such, her leaving Fortune Bank/ROMAC was attributable to the temporary nature of the position offered. To hold otherwise would discourage temporary employment.
Since we conclude that the UAC order is not supported by substantial, competent evidence, we reverse and remand for further proceedings consistent herewith.
PATTERSON and WHATLEY, JJ., concur.