661 So.2d 65 (1995)
Gary D. POPPE, Appellant,
v.
ECLECTIC BUSINESS MACHINES, Inc., and Florida Unemployment Appeals Commission, Appellees.
No. 94-02060.
District Court of Appeal of Florida, Second District.
June 16, 1995.
*66 Gary D. Poppe, pro se.
William T. Moore, Tallahassee, for appellee Unemployment Appeals Com'n.
ALTENBERND, Judge.
Gary D. Poppe appeals an order from the Unemployment Appeals Commission that reverses the appeals referee and denies his claim for unemployment benefits. We conclude that the referee's determination concerning Mr. Poppe's last day of employment is supported by substantial, competent evidence. Accordingly, we reverse the Commission's order and remand for a review of the referee's decision that Mr. Poppe left his employment for good cause.
Eclectic Business Machines, Inc., hired Mr. Poppe in September 1991 as a service technician. He was promoted to service manager in early 1993. Eclectic's president, Mr. Earley, testified that during the summer of 1993, he became increasingly dissatisfied with Mr. Poppe's performance. While Mr. Poppe was working on a government contract in Key West on Thursday, September 9, 1993, Mr. Poppe and Mr. Earley had a heated telephone conversation, and Mr. Poppe announced his intention to quit. The next day, Mr. Poppe went to Eclectic's office, turned in his company car, and left. Before leaving, however, Mr. Poppe agreed to meet with Mr. Earley later the next week.
Eclectic was very busy in September and Mr. Earley did not want Mr. Poppe to quit in the middle of the month. At the meeting on Monday, September 13, the two men settled some of their differences. Mr. Poppe agreed to stay with the company through the end of the month. The two men agreed to meet at the beginning of October and make permanent arrangements. Before the next meeting, Mr. Poppe indicated to Mr. Earley that he was planning to stay with the company.
A final meeting occurred on October 12. Mr. Earley told Mr. Poppe that he was dissatisfied with his performance as a service manager. Accordingly, Eclectic was no longer willing to continue Mr. Poppe's employment in that capacity, but was willing to continue his employment as a service technician. Mr. Poppe was earning $525 per week as a manager and would earn only $425 per *67 week as a technician. Mr. Poppe quit rather than accept the demotion and lesser salary.
The appeals referee found that Mr. Poppe's last day of employment with Eclectic was October 12, 1993. The referee determined that although Mr. Poppe voluntarily left his employment, he left for good cause attributable to the employer. The referee reasoned that the employer demoted Mr. Poppe, not for any willful misconduct or intentional failure to perform his job as a manager, but rather because of the employer's own subjective dissatisfaction with Mr. Poppe's performance. The referee concluded that an average, able-bodied worker would be impelled to leave if faced with such a substantial reduction in pay and a demotion based solely on the employer's subjective evaluation of the employee.
On appeal, the Commission avoided the central issue, i.e., whether the demotion and salary reduction would have impelled a reasonable, able-bodied employee to leave the employment. See Uniweld Prods., Inc. v. Industrial Relations Comm'n, 277 So.2d 827 (Fla. 4th DCA 1973). Instead, by a two-to-one vote, it determined that Mr. Poppe effectively resigned on September 13, before he had been demoted. Even though it is undisputed that he returned from his short protest and continued to work at the express request of his employer, and that his permanent job status was not resolved in mid-September, the Commission ruled that the referee had disregarded unrebutted testimony that Mr. Poppe quit on September 13 and simply stayed on the job until mid-October. Thus, the Commission reversed the referee's determination and ordered that Mr. Poppe be disqualified from receiving unemployment compensation benefits.
While it is not always easy to determine whether an issue is a factual issue, a legal issue, or an issue of mixed law and fact, we conclude that the last date of employment in this case is a question of fact. See, e.g., Verner v. State, Unemployment Appeals Comm'n, 474 So.2d 909 (Fla. 2d DCA 1985) (whether claimant left employment "voluntarily" is question of fact); Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106 (Fla. 5th DCA 1990) (whether claimant had "good cause" may be a legal question); Amato v. State, Unemployment Appeals Comm'n, 648 So.2d 284 (Fla. 4th DCA 1995) ("good cause" frequently involves mixed question of law and fact). The Commission cannot overturn a referee's finding of fact if that finding is supported by competent, substantial evidence. Verner, 474 So.2d 909; § 443.151(4)(c), Fla. Stat. (1993).
In this case, the referee's finding that Mr. Poppe voluntarily left his employment on October 12 is supported by the evidence. Although not essential to our ruling, the Commission's alternative finding that Mr. Poppe quit on September 13 is not supported by substantial, competent evidence, much less by "unrebutted evidence." Accordingly, the Commission erred in reversing the referee's factual determination that Mr. Poppe had voluntarily left employment on October 12.
When an appellate court determines that an agency has erroneously interpreted the law and that a correct interpretation compels a particular action, the court has the power to order the agency to take that action. § 120.68(9), Fla. Stat. (1993). The reviewing court deals separately with disputed issues of policy within the agency's exercise of discretion. § 120.68(7), Fla. Stat. (1993). A court is not authorized to substitute its judgment for that of the agency on an issue of discretion. § 120.68(12), Fla. Stat. (1993).
We conclude that the reasonableness of a resignation in the face of a demotion, as a factor permitting the claimant to receive unemployment benefits, is a policy issue, involving mixed issues of fact and law, over which the Commission exercises some discretion. See Amato, 648 So.2d 284. The parties have cited no Florida precedent that is sufficiently similar to provide clear guidance.[1] *68 There are foreign decisions that discuss when a demotion or reduction in pay is sufficient good cause attributable to the employer. 76 Am.Jur.2d Unemployment Compensation § 146 (1992). Those cases, however, do not seem to provide any categoric rule for application in this case.
Although an annual reduction from $27,300 to $22,100 is substantial, we are not convinced that we should order the Commission, as a matter of law, to accept the referee's conclusion on this issue that involves matters of agency policy. Accordingly, we reverse the Commission's order and, pursuant to section 120.68(9), remand with directions for the Commission to review the referee's decision that Mr. Poppe had good cause attributable to his employer to leave his employment on October 12, 1993, in light of the demotion and salary reduction.
Reversed and remanded with directions.
PARKER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] We are aware that very recently the First District reviewed this issue in LeCroy v. Unemployment Appeals Commission, 654 So.2d 1054 (Fla. 1st DCA 1995). Without necessarily agreeing with the First District's conclusion, we note that the Commission in LeCroy had determined whether the claimant's salary reduction would cause an able-bodied employee to reasonably leave her employment. Id. at 1055-56. In Mr. Poppe's case, the Commission did not base its determination on this issue. Our remand for the Commission to review the referee's determination on this issue is consistent with the procedural posture of LeCroy.