PER CURIAM.
Appellant challenges the Unemployment Appeals Commission’s order denying him un *1356 employment benefits. He was denied benefits on the ground that he voluntarily left his previous employ without good cause attributable to the employer. We reverse.
Appellant was drawing Florida unemployment compensation benefits when he moved to Ohio. Upon referral by the Ohio Bureau of Employment Services, appellant began working with Regal Development Corporation on October 3, 1994. Appellant was informed that the job paid $8.50 per hour for ten hours per day, that he would work seven days per week, and that the job would last for three or four weeks. In reality, appellant worked 40 hours the first week and fewer hours the second week. Additionally, he was only paid $7.50 per hour. A discussion with his supervisor regarding the pay rate and number of hours worked brought about no change. Accordingly, appellant accepted a job with Progressive Welding which was within his trade specialty as a boilermaker and paid $14 per hour. He was laid-off due to lack of work on November 11, 1994.
Appellant’s claim for additional Florida unemployment compensation benefits was denied based on a determination that he voluntarily quit his employment with Regal Development in order to accept work elsewhere and his reason for leaving was not attributable to the employer. See § 443.101(l)(a), Fla.Stat. (Supp.1994). We conclude that the order is not supported by competent, substantial evidence. Given the temporary nature of the job with Regal Development, an average, able-bodied employee would have left that position in favor of another which paid a greater hourly wage and offered the prospect of longer-term employment. See Freshley v. Florida Unemployment Appeals Comm., 651 So.2d 215 (Fla. 2d DCA 1995).
Accordingly, the order on appeal is REVERSED. We REMAND with directions that appellant’s unemployment compensation benefits be reinstated.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.