COPE, Judge.
Cynthia M. Pinder appeals an order requiring her to repay unemployment benefits. We reverse.
Pinder had a full-time job as a legal secretary with a law firm (“law firm 1”) and a part-time job with appellee Pier 1 Imports U.S., Inc. She was laid off by the law firm. She continued to work part-time at Pier 1.
Pinder interviewed with another law firm (“law firm 2”) which was willing to offer her a job but told Pinder that the required law firm hours would conflict with the Pier 1 job. Pinder quit Pier 1. Law firm 2 then reneged on the job offer. Since this left Pinder with no job at all, she applied for unemployment benefits. Benefits were granted and paid. Pinder later found another full-time job as legal secretary, and unemployment benefits ceased.
The Division of Unemployment Compensation then decided that it had been wrong to grant Pinder any unemployment benefits at all. After the fact, the agency took the position that since Pinder voluntarily quit the part-time job, this was a voluntary departure not attributable to the part-time employer, Pier 1. The agency then brought a claim against Pinder, demanding that she repay all of the unemployment benefits that she had received. The appeals referee ordered her to repay the benefits and the Unemployment Appeals Commission affirmed. Pinder has appealed.
Under the circumstances of this case we do not think that Pinder’s quitting Pier 1 can be viewed as a “voluntary quit.” Pinder did exactly what the unemployment law should encourage: when promised full-time employment if she would give up part-time employment, Pinder chose full-time employment.
The present case was a two employer situation, one full-time and the other part-time. In determining whether Pinder left employment without good cause attributable to the employer, the agency took too narrow a view of the operative facts. Pinder was attempting to resume full-time employment on account of the loss of full-time employment at law firm 1. In our view the entire episode relates back to the layoff at firm l.[1] The layoff was initiated by law firm 1; it was a mere happenstance that Pinder had an additional part-time job. The statute should be applied in a practical and realistic way.
This case also points out an issue which should be considered by the legislature. When Pinder applied for unemployment benefits, she disclosed the relevant facts to the agency employee. The agency ruled that she was entitled to benefits. After the benefits had already been paid, the agency changed its mind and demanded that Pinder repay the amounts she had received, amounting to $4,250.00.
Pinder complains, rightly in our view, that the ordinary citizen should be able to rely on decisions that are made by agency employees. Citizens are not experts on the unemployment law, and should be able to rely on agency determinations where, as here, the agency has been given all of the operative facts. It would, of course, be a different matter in cases of fraud or cases in which material facts are withheld from the agency, but those are not the facts here.
Unfortunately the Florida Supreme Court has held that the wording of paragraph 443.151(6)(c), Florida Statutes, does not allow the agency or the courts to make any equitable adjustment in cases of overpayment, subject to an exception not applicable here. See Unemployment Appeals Commission v. Comer, 504 So.2d 760, 761 (Fla.1987). In our view Pinder’s complaint about the system is well founded, but any adjustment in the system will have to be made by the legislature.
In the present case, however, Pinder is entitled to relief under existing law. The order under review is reversed and the cause remanded with directions to enter a final order in favor of Pinder.
*20 Reversed and remanded.[2]

. Assuming that the agency has the discretion to do so, law firm l’s account should be charged.

. Assuming arguendo that Pinder was properly viewed as having voluntarily quit part-time employment, that would not disqualify her from all benefits but would only result in a pro rata reduction. Alderman v. Unemployment Appeals Commission, 664 So.2d 1160 (Fla. 5th DCA 1995); Wright v. Florida Unemployment Appeals Commission, 512 So.2d 333, 334-35 (Fla. 3d DCA 1987).