711 So.2d 93 (1998)
Diana SAN ROMAN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Aldrich Party Rental, Inc., Appellees.
No. 97-1768.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
*94 Mary C. Wilson of Florida Rural Legal Services, Inc., West Palm Beach, for appellant.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission.
SHAHOOD, Judge.
Appellant, Diana San Roman, appeals the decision of the State of Florida Unemployment Appeals Commission ("UAC") which reversed the decision of the appeals referee. The appeals referee had affirmed the decision of the claims adjudicator that the appellant was entitled to receive unemployment compensation benefits. We hold that there was competent, substantial evidence in the record to support the appeals referee's decision, and reverse the Order of Unemployment Appeals Commission.
After a hearing to determine whether appellant was entitled to unemployment benefits, the appeals referee made the following findings of fact:
The claimant worked for this employer as a party consultant since 1992. The claimant had resigned in November 1995 for family reasons and returned to work in December 1995. Upon her return, the claimant requested to work part-time as she had primary care for her children during the school year. The employer agreed with this request; however, the claimant's pay and benefits were reduced accordingly. The claimant's supervisor agreed not to schedule her to work on Saturdays. During the summer of 1996, the claimant did return to regular employment as her children spent the summer with their father. During September 1996, the claimant reverted to her part-time schedule. The employer had Saturday meetings once a month. These meetings were mandatory for employees as Saturday was a regular workday. The claimant attempted to, and did, attend some Saturday meetings. Toward the end of October, the claimant was approached by her supervisor and informed that there was a mandatory meeting scheduled for Saturday, November 9, 1996. The claimant informed her supervisor that she could not attend because it was her day off. The supervisor informed the claimant that if she did not attend the mandatory meeting, she would be terminated. The claimant spoke with the president of the company who confirmed this fact. Rather than be terminated, the claimant submitted a letter of resignation effective November 9, 1996 because of her inability to attend these meetings.
In affirming the determination of the claims adjudicator to award benefits, the appeals referee concluded that the evidence demonstrated that appellant left her employment because of her employer's insistence that she attend meetings on her regular day off.
The appeals referee then, as the finder of fact, resolved the conflicts in testimony in favor of appellant. Further, the appeals referee concluded that the evidence demonstrated *95 that appellant did not work on Saturdays after August 1996, thereby supporting her claim that her agreement with her employer included Saturdays off. Thus, the referee concluded that appellant had good cause to leave her employment.
The UAC reversed the appeals referee finding that appellant should be disqualified from receiving benefits. The UAC found:
The claimant quit because the employer required her to attend mandatory meetings on Saturday, which were her days off. The referee reasoned that the employer's insistence that the claimant attend meetings on a day she was not scheduled to work was a violation of the employment agreement which gave her good cause to quit. To constitute good cause for quitting, a change in the employment agreement must be unilateral and material. The employer's insistence that the claimant attend the one-hour Saturday meetings was unilateral; however, the meetings occurred, at most, once a month. The record does not establish that the alteration would have caused a reasonable person to leave work; therefore, the claimant voluntarily left work without good cause attributable to the employing unit within the meaning of the law.
On appeal, appellant argues that there is competent, substantial evidence to support the appeals referee's findings that she voluntarily left work for good cause attributable to her employer and that the UAC improperly reweighed the evidence in order to arrive at its own legal conclusion. We agree.
The UAC's standard of review of the appeals referee's decision is whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143, 144-45 (Fla. 4th DCA 1992)(citing Alles v. Dept. of Prof. Regulation, Constr. Indus. Licensing Bd., 423 So.2d 624, 625-26 (Fla. 5th DCA 1982)). In reviewing whether the record contains competent, substantial evidence to support the appeals referee's findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee. State Dep't of Gen. Servs. v. English, 534 So.2d 726, 728 (Fla. 1st DCA 1988); see also Maynard at 145. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it. See Ford v. Southeast Atl. Corp., 588 So.2d 1039, 1040 (Fla. 1st DCA 1991). The basis for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence. See David Clark & Assoc., Inc. v. Kennedy, 390 So.2d 149, 151 (Fla. 1st DCA 1980); see also Forkey & Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981).
Whether "good cause" exists frequently involves a mixed question of law and fact. See Amato v. State, Unemployment Appeals Comm'n, 648 So.2d 284, 285 (Fla. 4th DCA 1995); Poppe v. Eclectic Business Machines, Inc., 661 So.2d 65 (Fla. 2d DCA 1995); Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106 (Fla. 5th DCA 1990); Forkey. Generally, a claimant who has voluntarily left work without good cause will be disqualified from receiving unemployment benefits; however, if the employee leaves for "good cause" attributable to the employing unit, she will not be disqualified from receiving benefits. § 443.101, Fla. Stat. (1995). Good cause attributable to the employer has been defined as "such cause as would reasonably impel the average able-bodied worker to give up his or her employment." Uniweld Products, Inc. v. Industrial Relations Comm'n, 277 So.2d 827 (Fla. 4th DCA 1973).
Recently, the Second District in Tourte v. Oriole of Naples, Inc., 696 So.2d 1283, 1285 (Fla. 2d DCA 1997), explained that good cause attributable to the employer is an ultimate fact best left to the fact-finder. The court reasoned that a reasonable worker is much akin to the reasonable prudent person in the negligence context and that negligence is nearly always a question to be determined by the fact-finder. See id.
As stated above, while the UAC may reverse the findings and conclusions of the appeals referee, it may do so only where *96 there is no substantial, competent evidence to support the referee's determination. Forkey, 407 So.2d at 319. Here, the appeals referee made a factual finding that the requirement that appellant attend Saturday meetings breached her employment agreement with Aldrich. In this case, the evidence showed that the parties agreed that appellant would work part-time hours with Saturdays off. Her exemption from Saturday employment was an express condition to her acceptance of lower pay and fewer vacation days. It was error for the UAC to reverse the referee's finding which was based on competent substantial evidence. See Amato, 648 So.2d at 285 (error for the UAC to reject the referee's factual finding that the employer, by repeatedly demanding the employee to work more than three days a week, changed the conditions of employment); see also LeCroy v. Unemployment Appeals Comm'n, 654 So.2d 1054 (Fla. 1st DCA 1995)(error for UAC to find that employer's 5% reduction of claimant's salary was not a material and substantial alteration of the work agreement and reverse the referee's decision to award benefits).
We accordingly reverse the Order of Unemployment Appeals Commission, and direct the UAC to enter an order consistent with the decision of the appeals referee.
REVERSED WITH DIRECTIONS.
GLICKSTEIN and WARNER, JJ., concur.