745 So.2d 548 (1999)
Rita SHAPIRO, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 99-2120.
District Court of Appeal of Florida, Fourth District.
December 8, 1999.
Rita Shapiro, Coconut Creek, pro se.
*549 Judy L. Harrelson, Tallahassee, for appellee.
PER CURIAM.
Rita Shapiro was denied unemployment benefits by an order of the Unemployment Appeals Commission ("UAC") which reversed a referee's legal conclusion that Ms. Shapiro had good cause to refuse a bona fide offer of work. We affirm.
The relevant facts are not in dispute. Shortly before Ms. Shapiro applied for unemployment benefits, she refused an offer of a permanent job which was essentially identical to that which she had previously held on a temporary basis. The appeals referee concluded that Ms. Shapiro had good cause to refuse the job offer because, while the 35 hour per week job would have paid Ms. Shapiro $22,750 the first year, plus health insurance, she had informed the employment agency which made the offer that she would accept a permanent position only if the job paid at least $25,000 per year, the equivalent of her last permanent position. In reversing, the UAC held that although a claimant's prior earnings are to be considered when determining the suitability of a job offer, it is not determinative, and in this case, where the claimant had been unemployed except for intermittent temporary jobs and had no prospects of a more attractive offer than that which she refused, she did not have good cause to refuse the job offer.
The declared public policy purpose of the unemployment compensation statute is to provide economic assistance to "persons unemployed through no fault of their own." § 443.021, Fla. Stat. (1997). Consistent with that policy, a claimant for unemployment benefits who refuses employment "may remain eligible for benefits only where there is some compelling reason for the refusal of work." Newkirk v. Florida Indus. Comm'n, 142 So.2d 750, 753 (Fla. 2d DCA 1962). The issue of what constitutes good cause for refusal of employment sufficient to avoid disqualification from unemployment benefits is a legal question properly within the expertise of the Unemployment Appeals Commission, the administrative agency responsible for that area of the law. As such, the agency may reject the referee's conclusion of law and substitute its own. See Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143, 145 (Fla. 4th DCA 1992). Generally, courts will not overturn the agency's determination within the sphere of its expertise unless it is clearly erroneous. See, e.g., Department of Ins. v. Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983), appeal dismissed for want of a substantial federal question, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). We cannot say that the UAC's conclusion was erroneous.
AFFIRMED.
GUNTHER and GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.