ON MOTION FOR REHEARING

WARNER, Chief Judge.
We deny rehearing but modify our prior opinion.
After her employment was terminated, appellant Lucille Duby (“Duby”) applied for unemployment benefits and began working for a temporary employment agency. This position led to employment at a company which offered her a permanent job. However, she was discharged one month later. Her application for unemployment benefits was denied on the ground that she had voluntarily left her employment with the temp agency. She appeals that determination, and we reverse, concluding that under the facts of *73 this case, appellant’s actions did not disqualify her from unemployment benefits.
Duby was hired by Compass Investigations on March 3, 1997, on a full-time basis. One year later, Duby was discharged, and as a result, applied for unemployment benefits on March 8, 1998. While waiting for benefits and in order to make ends meet, Duby sought work as an associate with a temporary employment agency known as StaffMark on March 18, 1998. StaffMark’s representative, Nicole Travis-Menendez, testified, that “[w]e do temporary, temp to perm, and direct placements of employees. We basically find work for people.”
During Duby’s interview with Travis, Travis explained that StaffMark would see if it had a position for her. If no position was available, StaffMark would hold onto her application. When a position became available, StaffMark would call her, let her know about the position in detail, and if she was interested, get her started. Travis immediately put Duby in touch with Neptune Fireworks, which needed temporary help. Neptune did not promise that the position would become permanent, but Neptune liked Duby and, on June 17, 1998, after three months, hired her on a permanent basis. Approximately one month later, Duby was terminated by Neptune as a result of the ban on fireworks that took effect during the fires and drought in the summer of 1998.
The record does not show a second request for benefits. The only application for benefits was made after Duby’s discharge from Compass. All of the documents indicate that the claim was filed on March 8, 1998. Nevertheless, the hearing officer denied Duby’s claim, finding that she had voluntarily resigned her employment with StaffMark to take a permanent position with Neptune and had not established good cause for the separation. The Unemployment Appeals Commission affirmed the denial, prompting this appeal.
This case is analogous to Pinder v. Pier 1 Imports, Inc., 691 So.2d 18 (Fla. 3d DCA 1997). In Pinder, the claimant was employed full-time at a law firm and part-time at Pier 1 Imports. She was eventually discharged from her position as a legal secretary and continued working part-time at Pier 1. After several interviews, Pinder was hired by another law firm on a full-time basis. However, because she was told that the hours would conflict with her part-time job she quit her job at Pier 1. Immediately prior to beginning her new full-time job, the law firm reneged on its job offer, leaving Pinder unemployed. After initially approving her application, the Division decided that it had been wrong to grant the claimant any benefits on account of her voluntarily leaving her part-time job at Pier 1 for a reason not attributable to the part-time employer. On appeal, the third district reversed, holding that:
[ujnder the circumstances of this ease we do not think that Pinder’s quitting Pier 1 can be viewed as a “voluntary quit.” Pinder did exactly what the unemployment law should encourage: when promised full-time employment if she would give up part-time employment, Pinder chose full-time employment.
... In determining whether Pinder left employment without good cause attributable to the employer, the agency took too narrow a view of the operative facts. Pinder was attempting to resume full-time employment on account of the loss of full-time employment at law firm 1. In our view the entire episode relates back to the layoff at firm 1.
Id. at 19 (footnote omitted); see also Palm Beach County Sch. Bd. v. Unemployment Appeals Comm’n, 576 So.2d 362, 363-64 (Fla. 4th DCA 1991)(court reversed denial of benefits where claimant quit her part-time job, which she had accepted after losing her full-time job, to return to full-time, permanent employment from which she was again discharged).
In the instant case, Duby’s permanent employment had been terminated and *74 she had obtained a temporary position with StaffMark, hoping to resume full-time employment. Similar to the claimant in Finder, she did exactly what the unemployment law should encourage: accept full-time, permanent employment with benefits when offered. And, as in Finder, the agency took too narrow a view of the operative facts. The entire episode of this case begins with her termination from Compass.
Moreover, we think good cause has been shown on the facts of this case. “Good cause” has been defined as “one which would reasonably impel the average able-bodied qualified worker to give up his or her employment.” Uniweld Prods., Inc. v. Industrial Relations Comm’n, 277 So.2d 827 (Fla. 4th DCA 1973) (citations omitted); see also Amato v. Unemployment Appeals Comm’n, 648 So.2d 284, 285 (Fla. 4th DCA 1995). In addition, the claimant’s good reason for voluntarily quitting the job must be attributable to the employer. See Amato, 648 So.2d at 285. Duby cites two cases that she believes are on point.
In Pugh v. Regal Development Corp., 662 So.2d 1355 (Fla. 1st DCA 1995), the claimant was drawing unemployment benefits when he moved out of state. After moving to Ohio, the claimant was offered a temporary position with certain terms. When the terms of the temporary employment changed, reducing the compensation and hours of work, the claimant accepted full-time, permanent work elsewhere. Soon thereafter, he was laid off and again sought unemployment benefits. His request for benefits was denied based on a determination that he had voluntarily quit his temporary position to accept work elsewhere. On appeal, the first district held that “[gjiven the temporary nature of the job with Regal Development, an average, able-bodied employee would have left that position in favor of another which paid a greater hourly wage and offered the prospect of longer-term employment.” Id. at 1356 (citation omitted).
Similarly, in Freshley v. Florida Unemployment Appeals Commission, 651 So.2d 215 (Fla. 2d DCA 1995), a case most closely on point, the claimant worked for First Florida Bank for seventeen years until she was discharged. After losing her job she registered with a temporary employment agency who assigned her to Fortune Bank, an assignment which she was told would definitely end. Two weeks after beginning work as a temporary employee with Fortune Bank, the claimant voluntarily quit to accept a full-time, permanent position with an attorney as a legal assistant. Approximately four weeks later the claimant was discharged because she lacked the necessary legal background. After losing her job as a legal assistant, the claimant sought unemployment compensation. Her request was denied after it was determined that she voluntarily left the temporary employment agency without good cause.
The second district ultimately reversed that decision finding that although she had voluntarily quit her employment with the temporary agency, the reason was attributable to the employer. See id. at 215. The court reasoned that the average, able-bodied worker would have left the position due to the “temporary nature of the position offered.” Id. at 216. In addition, the court noted that to hold otherwise would “discourage temporary employment.” Id.
The factual situation in Freshley is analogous to that in the instant ease. Specifically, in Freshley the claimant left a temporary position to accept a permanent, full-time position. In the case at bar, as the claimant in Freshley, Duby took a temporary position to make ends meet while searching for a permanent job. She accepted a full-time permanent position when it was offered and was later terminated. As the court found in Freshley, we would expect that an average, able-bodied employee would have left the position with StaffMark for a permanent position with Neptune Fireworks. We therefore con- *75 elude that the Commission erred in denying benefits to Duby.
Reversed and remanded for further proceedings.
STEVENSON, J., and KREEGER, JUDITH L., Associate Judge, concur.