784 So.2d 1206 (2001)
Dennis C. DeSTEFANO, Appellant,
v.
APED ACQUISITION COMPANY, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 2D00-1341.
District Court of Appeal of Florida, Second District.
April 11, 2001.
Dennis C. DeStefano, pro se.
No appearance for Appellee Aped Acquisition Co., Inc.
Judy L. Harrelson, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
NORTHCUTT, Judge.
The Unemployment Appeals Commission affirmed a referee's determination that Dennis DeStefano did not qualify for unemployment benefits. We reverse.
DeStefano went to work for Aped Acquisition after his previous employer, a competitor of Aped, laid him off. The original employer then sued to enforce DeStefano's covenant not to compete, and obtained an injunction prohibiting his employment at Aped. The appeals referee found that DeStefano quit his job without good cause attributable to Aped and was disqualified from receiving benefits. See § 443.101(1)(a), Fla. Stat. (1999).
In fact, the testimony at the hearing showed that Aped terminated DeStefano. According to DeStefano, his supervisor told him that he was sorry, but because of the court order, he had to let him go. The testimony of the employer's representative corroborated DeStefano's story. He stated that "because of the court order, you *1207 know, Mr. DeStefano had to be terminated well, had to be let go...."
Whether a claimant voluntarily left employment or whether the employer terminated him is a question of fact. Gulfview Animal Hosp. v. Zemke, 741 So.2d 1163 (Fla. 2d DCA 1999). A referee's finding in this regard must be supported by substantial, competent evidence. The evidence in this case established a termination, not a voluntary resignation. Therefore, DeStefano was entitled to unemployment benefits unless Aped showed that he was terminated for misconduct. §§ 443.091, 443.101(1)(a), Fla. Stat. (1999); Sienkiewicz v. Intrepid Powerboats, Inc., 774 So.2d 739 (Fla. 2d DCA 2000). Aped presented no evidence of such at the hearing. We reverse and remand with directions that DeStefano be awarded unemployment compensation benefits.
Reversed.
THREADGILL, A.C.J., and CAMPBELL, MONTEREY (Senior) Judge, concur.