PER CURIAM.
David J. Linn appeals from a final order of the Unemployment Appeals Commission reversing a decision from an appeals referee determining that Linn was qualified to receive unemployment benefits. We reverse and remand for reinstatement of the appeals referee’s decision.
Linn was employed by Washington Inventory Service Inc. as director of operations beginning February 26, 1998. In April of 2006, Linn met with his superiors to discuss his concerns with certain business operations which he considered illegal and which were frustrating him. His superiors told him that it may be in his best interest to leave. Linn responded that he should receive a severance package for his many years of service. Thereafter, Linn, with the assistance of counsel, negotiated a severance package. On May 30, 2006, Linn submitted an e-mail stating “As per our agreement, I resign effective May 17, 2006.” His employer did not find this resignation acceptable, and forwarded to him a pre-printed letter of resignation which indicated that he was voluntarily leaving his position and was generally satisfied with his separation benefits package. Linn was advised that his failure to sign the letter would result in his being terminated and the loss of his severance package. Linn signed the letter and received a lump sum severance check.
On his subsequent request for unemployment benefits, Linn was found eligible. His employer challenged the finding, arguing that Linn quit. A telephonic hearing was held before an appeals referee wherein Linn and Washington’s legal and employee relations manager testified. Based on the foregoing factual findings, the referee concluded that Linn “attempted to maintain his employment by bringing] his concerns to the highest levels of authority” and his employer “did not take any steps to assist [Linn] in preserving his employment” nor did the employer take “any steps to look into [his] concerns.” Thus, Linn’s resignation was attributable to his employer. Washington timely appealed the decision to the Commission.
The Commission adopted the referee’s findings of fact, but came to a different conclusion. The Commission’s order states, in pertinent part:
“The record reflects the claimant voluntarily left employment due to some dissatisfaction with changes being implemented by his new supervisor and because of ‘alleged illegal practices of the employer which caused him concern and frustration.’ The referee reasoned that, because the employer exhibited an unwillingness to further address the claimant’s concerns, the claimant demonstrated good cause to quit. While the claimant testified regarding unfair practices and changes with which he did not agree, his testimony regarding the nature of his concerns lacked details and was too general to demonstrate that the employer was engaging in illegal or unfair practices or that the claimant reasonably believed he was being treated unfairly or being required to perform possibly illegal acts.”
R. at 80-81.
In an administrative proceeding, the appeals referee is the trier of fact and, *1032 as such, is responsible for weighing the evidence and resolving any conflicts. See e.g., San Roman v. Unemployment Appeals Comm’n, 711 So.2d 93 (Fla. 4th DCA 1998); Ritenour v. Unemployment Appeals Comm’n, 570 So.2d 1106 (Fla. 5th DCA 1990); McCray v. Dept. of H.R.S., 384 So.2d 980 (Fla. 3rd DCA 1980). “In reviewing whether the record contains competent, substantial evidence to support the appeals referee’s findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee.” San Roman, 711 So.2d at 95. Whether an employee left work voluntarily and without good cause attributable to the employer is a question of fact within the province of the appeals referee. Benson v. Unemployment Appeals Comm’n, 927 So.2d 49 (Fla. 5th DCA 2006); Shapiro v. Unemployment Appeals Comm’n, 745 So.2d 548 (Fla. 4th DCA 1999). “[A]n employer’s requiring an employee to perform acts which the employee reasonably believes violate the law furnishes the employee with good cause, attributable to the employer, to voluntarily leave employment.” Ayers v. State, Unemployment Appeals Comm’n, 848 So.2d 1239, 1241 (Fla. 4th DCA 2003); see also Gorr v. Sheridan Travels, Inc., 655 So.2d 1310 (Fla. 4th DCA 1995).
Here, based on substantial and competent evidence, the appeals referee found that Linn left his employment for good cause attributable to his employer because he complained of certain practices which he believed to be illegal and they were unattended to. In reaching a contrary conclusion based on the same facts, the Commission has impermissibly reinterpreted or reassessed the evidence and the legal effect of these facts. See Perez v. American Med., Inc., 842 So.2d 285 (Fla. 3d DCA 2003); Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997). Accordingly, we reverse the order of the Commission and remand with directions to reinstate the appeals referee’s award of unemployment compensation benefits to the appellant.
Reversed and remanded with instructions.